IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN EDWARD GRIFFIN, | : CIVIL NO. 1:CV-10-02472 |
| Plaintiff | : (Judge Rambo) |
| v. | : |
| THOMAS WILLIAMS, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Before the court are two motions filed by Plaintiff Brian Edward Griffin, an inmate incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), seeking preliminary injunctive relief. (Docs. 11 & 20.) Plaintiff requests his transfer from SCI-Coal Township to SCI-Graterford. For the reasons set forth below, the motions will be denied.

I. **Background**

In the first motion for preliminary injunctive relief, Plaintiff requests that he be separated from Defendant Officer Behney, whom he claims is retaliating against him. (Doc. 11.) As relief, he requests a transfer to SCI-Graterford. In the second motion, Plaintiff again seeks his transfer to SCI-Graterford. (Doc. 20.) He again claims that Defendant Officer Behney, as well as two other Defendants, are retaliating against him. He also complains about the conditions at SCI-Coal Township, including an

incident where a non-defendant officer entered his cell and caused damage to his typewriter. (*See* Docs. 20-22.)

## II. Discussion

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103. Moreover, issuance of such relief is at the discretion of the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003) (internal citations omitted). It is the moving party who bears the burden of satisfying these factors. *Id.*

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. *See Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy

2

following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunctive relief is to be issued. *Id.*

Speculative injury does not constitute a showing of irreparable harm. *Continental*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)). Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). "Because the purpose of preliminary injunctive relief is to maintain the status quo or prevent irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in a motion for such relief must necessarily relate to the conduct alleged and permanent relief sought in a plaintiff's complaint." *Africa v. Vaughn*, Civ. No. 96-649, 1996 WL 677515, at *1 (E.D. Pa. Nov. 21, 1996) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *Stewart*, 762 F.2d at 198-99; *Penn v. San Juan Hospital*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In considering the factors outlined above, it is clear that injunctive relief is not warranted. First, it is well-established that a prisoner "has no justifiable expectation that he will be incarcerated in any particular prison." *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Further, the court concludes that, based on Plaintiff's allegations, he will not suffer irreparable harm if preliminary injunctive relief is not granted. Plaintiff has adequate legal remedies available. While he maintains he is being retaliated against by Defendants, the court is presently addressing a motion to dismiss related to these retaliation claims. Further, Plaintiff's complaint that a non-Defendant broke his

4

typewriter is not properly before the court because it is not related to the issues raised in the complaint. *See Stewart*, 762 F.2d at 198-99; *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). In addition, the balancing of potential harm to the parties weighs more heavily in favor of Defendants at this point because the issuance of the requested relief would have an unduly adverse effect on the ability of prison staff to exercise their professional judgment in managing the prison. It would encourage filings by inmates seeking to obtain transfers to other facilities who are in situations where they disagree with where they are currently housed. For all of these reasons, the motions will be denied. An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: June 29, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN EDWARD GRIFFIN, | : | CIVIL NO. 1:CV-10-02472 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| THOMAS WILLIAMS, *et al.*, | : | |
| Defendants | : | |

## ORDER

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motions for preliminary injunctive relief (Docs. 11 & 20) are **DENIED**.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated: June 29, 2011.