## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN EDWARD GRIFFIN,** | : | **CIVIL NO. 1:CV-10-02472** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WILLIAMS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Brian Edward Griffin ("Griffin"), an inmate incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), initiated this civil rights action on December 2, 2010, with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  Named as Defendants are Robert McMillan, a Deputy Superintendent at SCI-Coal Township; Thomas Williams, a Unit Manager at SCI-Coal Township; Correctional Officer T. Behney; and Hearing Examiner L.S. Kerns-Barr.  In the complaint, Griffin alleges that Defendants Williams and Behney retaliated against him for filing past grievances when they ordered him to move to another cell on the cell block rather than transfer him to a separate cell block as he had requested.   Griffin refused to leave his cell and subsequently was issued a misconduct.  Griffin also alleges that Defendant McMillan ignored his complaints about Defendants Williams and Behney and also ignored his grievance regarding the cell move.  Lastly, Griffin alleges that Defendant Kerns-Barr violated his

constitutional rights in the context of a disciplinary proceeding related to the cell move.

Presently before the court is a motion to dismiss the complaint filed on behalf of Defendants.  (Doc. 25.)  For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

## I.   **Background**

### A.   **Facts**

In the complaint, Griffin provides the following factual background with respect to his claims.  The court notes that for purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Griffin.

At the time of the alleged retaliation, Griffin was housed in the C-2 Block at SCI-Coal Township.  (Doc. 1 ¶ 3.)  According to Griffin, he had been "having problems" with several of the correctional officers on that cell block, including Defendants Williams and Behney.  (*Id*.)  At some point prior to the alleged retaliation at issue here, Griffin requested a transfer to another cell block in SCI-Coal Township.  On August 12, 2010, Griffin filed a grievance against Defendant Williams for not

moving him out of the C-2 cell block as he had requested.  (*Id*.)  On August 23, 2010,

Griffin filed another grievance, complaining of problems he was having with

Defendants Williams, Behney, and other staff on the cell block.  (*Id*.)  Griffin also

states that he "filed other grievances against Williams in which he retaliated by using

his power violative to [Griffin's] rights."  (*Id*.)  He further states that "[g]rievances

and other forms of complaints were filed against [Defendant Behney]."  (*Id*. ¶ 7.)

On August 23, 2010, Defendant Behney, at the direction of Defendant

Williams, ordered Griffin to move from one cell to another cell in the same cell block.

(*Id*. ¶ 7.)  Griffin refused this order, stating that he had requested a move off of the cell

block rather than to another cell in the same block.  (*Id*.)  He states, "I also pointed out

to C/O Behney that there was no reason in moving me to another double bunk cell

when I'm single cell status already in a double bunk cell, which would not serve any

penological purpose."  (*Id*.)  Griffin also spoke with Defendant McMillan that day,

informing him that Defendants Williams and Behney were retaliating against him for

filing grievances and other complaints against them.  (*Id*. ¶ 4.)  Griffin alleges that

Defendant McMillan's "body language told me he didn't want to hear what I had to

say."  (*Id*.)  Instead, Defendant McMillan told Griffin to file a grievance with Major

Miller, who would address his claim.  (*Id*.)

3

On the morning of August 24, 2010, Defendant Behney again ordered Griffin to move to another cell in the same cell block.  (*Id*. ¶ 7.)  Griffin refused the order, telling Defendant Behney to "stop harassing me."  (*Id*.)  Defendant Behney then refused to let Griffin out of his cell for breakfast.  (*Id*.)  Griffin also alleges that at some point prior to this date, Defendant Behney denied him a shower, searched his cell, and ignored his requests to sign up for yard.  (*Id*.)  As a result of his refusal to move to another cell, Griffin was issued a misconduct for refusing to obey an order and presence in an unauthorized area.  (*Id*. ¶¶ 7, 8.)

On August 26, 2010, Hearing Examiner Kerns-Barr conducted a misconduct hearing via video.  (Doc. 1 ¶ 8.)  At the hearing, Griffin stated his claim of retaliation against Defendants Williams and Behney.  (*Id*.)  He also told Defendant Kerns-Barr about his conversation with Defendant McMillan.  (*Id*.)  At one point during the hearing, the corrections officer who had escorted Griffin to the hearing asked Griffin to step out of the hearing room.  (*Id*.)  Griffin did so, and upon his return, Defendant Kerns-Barr rendered her decision, finding Griffin guilty of refusing to obey an order and sentenced him to ninety (90) days of disciplinary segregation.  (*Id*. ¶¶ 1, 8.)

### B.    **Procedural History**

On December 2, 2010, Griffin filed his complaint.  (Doc. 1.)  In the complaint, Griffin seeks compensatory and punitive damages.  Griffin also filed two motions for preliminary relief seeking a transfer from SCI-Coal Township to SCI-Graterford.  (Docs. 11 & 20.)  By memorandum and order dated June 29, 2011, the court denied these motions.  (Doc. 33.)

On February 9, 2011, Defendants filed a motion to dismiss the complaint (Doc. 25) along with a supporting brief (Doc. 26).  Griffin filed his brief in opposition to the motion on February 18, 2011.  (Doc. 29.)  Defendants have not filed a reply brief. Thus, this matter is ripe for disposition.

## II.   <u>Standard of Review</u>

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."

*Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).

"[A] situation may arise where, at some point, the factual detail in a complaint is so

undeveloped that it does not provide a defendant the type of notice of claim which is

contemplated by Rule 8." *Id*.  A plaintiff must provide "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" to show

entitlement to relief.  *Twombly*, 550 U.S. at 555; *accord*, *e.g.*, *Phillips*, 515 F.3d at

231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not

"compelled to accept unsupported conclusions and unwarranted inferences or a legal

conclusion couched as a factual allegation.") (quotations and citations omitted);

*Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005); *see also Ashcroft v. Iqbal*, –

U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure

to state a claim upon which relief can be granted.  In deciding a motion to dismiss

under Rule 12(b)(6), the court is required to accept as true all of the factual allegations

in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and

all reasonable inferences permitted by the factual allegations, *Watson v. Abington*

6

*Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); *accord Phillips*, 515 F.3d at 233.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007); *see also Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public

record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted) (emphasis added).  However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v.*

*Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.   Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v.*

*California*, 444 U.S. 277, 285 (1980).[1]  A prerequisite for a viable civil rights claim is

that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's

constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak

of immunity for any individual who might deprive another of civil rights.  *See Buckley

v. Fitzsimmons*, 509 U.S. 259, 268 (1993).  Nevertheless, it is well-settled that certain

government officials possess immunity from § 1983 liability.  *Id*.

In their motion to dismiss, Defendants argue that (1) Griffin has failed to allege

personal involvement on the part of Defendant McMillan, (2) Griffin has failed to

state a claim of retaliation, and (3) Griffin has failed to state a claim for a violation of

his constitutional rights with respect to his misconduct hearing.  The court will discuss

these arguments in turn.

### A.    **Defendant McMillan**

Defendant McMillan argues that he should be dismissed from the case because

Griffin has failed to allege his personal involvement and therefore has failed to state a

claim against him.  Viewing the facts in a light most favorable to Griffin, the court

---

[1]  The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

agrees that Griffin has failed to state a claim against Defendant McMillan.

In the complaint, Griffin alleges that he spoke directly to Defendant McMillan and personally addressed a grievance to him regarding the cell move and also addressed the alleged retaliation by Defendants Williams and Behney, but Defendant McMillan failed to act on his complaints. Although Griffin asserts that Defendant McMillan had personal knowledge of his allegations of retaliation by Defendants Williams and Behney, Griffin's claim that Defendant McMillan failed to favorably respond to his grievances and complaints about the cell move must nevertheless fail.

As a general rule, inmates do not have a constitutional right to a prison grievance system. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th  Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor-El v. Kelly*, 892 F. Supp. 261, 275 (D.D.C. 1995) ("Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates,

11

prison officials' failure to comply with the grievance procedure is not actionable."").

Furthermore, it is well-established that in a suit brought under 42 U.S.C. § 1983, a

defendant must be shown to have had personal involvement in an alleged

constitutional violation, and the doctrine of respondeat superior will not support a

finding of liability. *See Rode*, 845 F.2d at 1207. Because civil liability under § 1983

requires personal involvement by a state official in the alleged deprivation of some

constitutional right, it is apparent that a mere "allegation that an official ignored a

prisoner's letter of protest and request for investigation of allegations made therein is

insufficient to hold that official liable for the alleged violations." *Greenwaldt v.

Coughlin*, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995). Thus, in a

case such as this one, where Defendant McMillan's only alleged involvement with

Griffin consists of a purported failure to respond to Griffin's complaints, that "failure

of a prison official to provide a favorable response to an inmate grievance is not a

federal constitutional violation." *Gordon v. Vaughn*, No. CIV. A. 99-1511, 1999 WL

305240, at *2 (E.D. Pa. May 12, 1999). Because Griffin has failed to state a claim

against Defendant McMillan, the motion to dismiss will be granted as to Defendant

McMillan. Further, before dismissing a complaint for failure to state a claim upon

which relief may be granted, the court must grant the plaintiff leave to amend his

complaint unless amendment would be inequitable or futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252. Here, since Griffin has failed to state a constitutional violation, amendment would be futile.

### B.   <u>Retaliation</u>

Griffin claims that Defendants Williams and Behney retaliated against him for filing past grievances by disregarding his request to move to a different cell block and ordering him to move to another cell in the same cell block, for which he was subsequently issued a misconduct for refusing to comply. He also claims that Defendant Behney, in retaliation for filing grievances against her, denied him a meal, showers, yard time, and searched his cell. In their motion to dismiss, Defendants argue that Griffin has failed to state a claim of retaliation.

To establish a claim of retaliation, a plaintiff bears the burden of satisfying three elements. First, a plaintiff must prove that he engaged in a constitutionally protected activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id*. (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (*Id*.) (quoting *Suppon v.*

13

*Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his

constitutionally protected conduct was 'a substantial or motivating factor' in the

decision to discipline him."  *Rauser*, 241 F.3d at 333-34 (quoting *Mount Health Bd. of*

*Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  The mere fact that an adverse action

occurs after a complaint or grievance is filed is relevant, but not dispositive, for the

purpose of establishing a causal link between the two events.  *See Lape v.*

*Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005).  Only where the facts of a

particular case are "unusually suggestive" of a retaliatory motive will temporal

proximity, standing alone, support an inference of causation.  *Krouse v. American*

*Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

Once a plaintiff has made a *prima facie* case, the burden shifts to the defendants

to prove by a preponderance of the evidence that they "would have made the same

decision absent the protected conduct for reasons reasonably related to penological

interest."  *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (internal quotation

and citation omitted).  When analyzing a retaliation claim, it must be recognized that

the task of prison administrators and staff is difficult, and the decisions of prison

officials require deference, particularly where prison security is concerned.  *Rauser*,

241 F.3d at 334.

Turning to the allegations in this case, the court finds that Griffin has met the first requirement of a retaliation claim.  Courts have held that the filing of grievances is protected under the First Amendment right to petition the government for redress of grievances.  *See, e.g., Booth v. King*, 346 F. Supp. 2d 751, 762 (E.D. Pa. 2004); *Allah v. Al-Hafeez*, 208 F. Supp. 2d 520 (E.D. Pa. 2002).  Hence, Griffin's conduct was constitutionally protected.

With respect to the second element of a retaliation claim, Griffin alleges that Defendants took the following adverse actions against him: Defendants Williams and Behney threatened to transfer him from one double-bunk cell to another double-bunk cell in the same cell block; Defendants Williams and Behney filed a misconduct report when he refused to move and placed him in disciplinary segregation; and Defendant Behney denied him breakfast on August 24, 2010.  He also states that at some point prior to his cell move, Defendant Behney denied him a shower, searched his cell, and ignored his requests to sign up for yard.  The court will discuss in turn  the remaining elements of retaliation as to these actions.

### 1.    Cell Move

Defendants argue that Griffin has not established that he suffered some adverse action when prison officials moved him from one two-bunk cell to another two-bunk

cell in the same cell block.  They argue that this inconsequential move is not sufficient

to deter a reasonable person from exercising his constitutional rights.  The court

agrees.  Reading the complaint liberally, it appears Griffin is complaining only that he

did not receive the cell transfer he desired.  (Doc. 1.)  He appears frustrated with not

being told the purpose of the move.  (*Id.* ¶ 7.)  However, there is nothing in DOC

regulations that requires prison officials to inform a prisoner of the reasons for a cell

move.  Simply stated, Griffin has failed to show that the cell move was an adverse

action sufficient to deter him from exercising his constitutional rights.  *See Allah*, 229

F.3d at 225.  Thus, any claims relating to the cell move will be dismissed.  Further, the

court finds that it would be futile to allow Griffin to amend his complaint with respect

to this claim since he fails to state a constitutional claim.  *See Fletcher-Harlee Corp.*,

482 F.3d at 252.


### 2.    <u>Issuing of Misconduct</u>

In their motion to dismiss, Defendants concede that Griffin has alleged the

second element of a retaliation claim with respect to the misconduct report.  (*See* Doc.

26 at 5-6.)  Thus, the court may conclude that Griffin has established the second

element of a retaliation claim as to the allegations relating to the misconduct.  *See*

16

*Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2002) (holding that prisoner's allegation that he was falsely charged with misconduct in retaliation for filing complaints against a corrections officer sufficiently alleged a retaliation claim); *Allah*, 229 F.3d at 225 (holding that an allegation that a prisoner was kept in administrative segregation to punish him for filing civil rights complaints stated a retaliation claim).  However, as set forth above, in order to conclude that Griffin's protected activity caused the retaliation alleged, he must prove that his filing of grievances against Defendants Williams and Behney was a substantial motivating factor behind the issuing of the misconduct report.  *Johnson v. Rendell*, 56 F. Supp. 2d 547, 552 (E.D. Pa. 1999).

Turning to this third element of retaliation in this case, Defendants argue that Griffin has not satisfied this element with respect to the misconduct charge because there was "some evidence" to support the finding of guilt regarding that charge.  They contend that their actions were not the result of retaliatory motive, but rather the finding of guilt demonstrates that Defendants would have brought the misconduct charge even if Griffin had not filed grievances against Defendants Williams and Behney.  The court agrees.  Griffin has not alleged any facts that demonstrate that the relevant misconduct report was issued in retaliation for Griffin's filing of grievances against Defendants Williams and Behney.  Although proximity in time between a

grievance and a misconduct may be evidence of a retaliatory motive, Griffin's allegations nevertheless fail to otherwise connect Defendants' action to the grievances. Furthermore, the misconduct was based on Griffin's failure to respond to an order to move to another cell. Griffin does not dispute that he refused to move. Thus, there was a valid basis for issuing a misconduct for refusing to obey an order. Because the court concludes that Griffin would have been disciplined even in the absence of any retaliatory motive, the retaliation claim related to the issuing of the misconduct report will be dismissed as to Defendants Williams and Behney. Further, the court finds that it would be futile to allow Griffin to amend his complaint as to this claim since he fails to state a constitutional claim. *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

### 3.    **Defendant Behney's Actions**

As stated above, Griffin alleges that Defendant Behney performed several acts in retaliation for Griffin's grievances filed against her. Specifically, he claims that Defendant Behney denied him a meal on the day that he refused to move cells. He also alleges that Defendant Behney at some point prior to the cell move denied him a shower, searched his cell, and ignored his requests for yard time.

18

In order for his retaliation claim as to these actions by Defendant Behney to proceed, Griffin must provide evidence of a causal link between his constitutionally protected conduct and the adverse actions.  Here, Griffin's relevant allegations against Defendant Behney as to the existence of a causal link relate only to temporal proximity.  In other words, Griffin alleges that based on the timing of her actions taken against him, Defendant Behney was acting in retaliation for Griffin's grievances filed against her.  As stated, the Third Circuit has held that "suggestive temporal proximity" is relevant, albeit not dispositive, to causation in a retaliation case.  *Rauser*, 241 F.3d at 334.  In their motion to dismiss, Defendants do not address Griffin's retaliation claim against Defendant Behney regarding the alleged denial of a meal, showers, and yard time, as well as a cell search.  Because Defendants have not responded to Griffin's allegations, this particular retaliation claim against Defendant Behney cannot be dismissed.

### C.    <u>Disciplinary Proceedings</u>

In his complaint, Griffin alleges that Defendant Kerns-Barr violated his constitutional rights in the context of the disciplinary proceedings related to his refusal to move to a new cell.  Specifically, he claims that he was deprived of certain procedural protections during the disciplinary proceeding because the hearing officer

appeared via video and asked him to leave the room for a period of time during the

hearing.  In their motion to dismiss, Defendants argue that Griffin's claim that his

rights have been violated should be dismissed because he has failed to allege an

atypical or significant hardship in relation to the ordinary incidents of prison life under

*Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In the alternative, they argue that

Griffin's procedural due process rights were not violated at the hearing.

The Fourteenth Amendment of the United States Constitution provides in

pertinent part: "No State shall . . . deprive any person of life, liberty, or property,

without due process of law . . . ."  However, due process protection is not triggered

unless there is a deprivation of a legally cognizable liberty interest.  *See Sandin*, 515

U.S. at 484; *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003).  In the context of

inmate disciplinary proceedings, an inmate's procedural due process rights are not

triggered unless the resulting sanction imposes "an atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at

483.  "[T]he baseline for determining what is 'atypical and significant' - the 'ordinary

incidents of prison life' is ascertained by what a sentenced inmate may reasonably

expect to encounter as a result of his or her conviction in accordance with due process

of law."  *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515

U.S. at 486).  Confinement in administrative or punitive segregation will rarely be

sufficient, without more, to establish the kind of "atypical" deprivation of prison life

necessary to implicate a liberty interest.  *Sandin*, 515 U.S. at 486.  Moreover, an

inmate placed in administrative custody pursuant to a legitimate penological reason

could "be required to remain there as long as that need continues."  *Griffin*, 112 F.3d

at 709.  It is only when it is determined that a liberty interest is at stake that an inmate

is entitled to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539

(1974), including twenty-four hour notice of the charges prior to the hearing, an

opportunity to call witnesses and to present documentary evidence, and a statement of

the grounds for disciplinary action.  *See Young v. Beard*, 227 F. App'x 138, 141 (3d

Cir. 2007).

In deciding whether a protected liberty interest exists under *Sandin*, a federal

court considers the duration of the disciplinary confinement and the conditions of that

confinement in relation to other prison conditions.  *Mitchell*, 318 F.3d at 532 (citing

*Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)).  In *Griffin*, the Third Circuit held

that "exposure to the conditions of administrative custody for periods as long as 15

months 'falls within the expected [perimeters] of the sentence imposed . . . by a court

of law,'" and thus does not deprive an inmate of a liberty interest such that he is

entitled to procedural due process protection.  *Griffin*, 112 F.3d at 708 (quoting

*Sandin*, 515 U.S. at 485).

In the instant case, Griffin alleges only that he was placed in disciplinary

segregation for ninety (90) days after being found guilty of the misconduct by the

hearing examiner.  Applying the above analytical framework here, the court concludes

that the duration of Griffin's time in disciplinary segregation, ninety (90) days, is not

significant enough to constitute an atypical and significant hardship so as to trigger

due process protection.  *See Sandin*, 515 U.S. at 486; *Griffin*, 112 F.3d at 706; *Young*,

227 F. App'x at 141 (holding that 930 days of disciplinary confinement, standing

alone, does not amount to a deprivation of a cognizable liberty interest that would

meet the *Sandin* standard) .  Thus, Griffin's allegations regarding his disciplinary

proceedings fail to implicate a protected liberty interest, and therefore he fails to state

a claim upon which relief may be granted.  As such, the court need not examine

Griffin's arguments relating to an alleged denial of the procedural protections set forth

in *Wolff*.[2]  *See Young*, F. App'x at 141.  Further, the court finds that it would be futile

---

[2]  Even if the court were to consider Griffin's allegations relating to his due process
protections during the disciplinary proceeding, Griffin has failed to state a claim.  In his complaint,
Griffin does not challenge the sufficiency of the evidence relied upon in finding him guilty of the
misconduct.  He also does not complain about the delivery of the incident report, the investigation
leading to the hearing, or of his opportunity to call witnesses at the hearing.  In fact, Griffin's only
challenges regarding his misconduct hearing appear to be that the hearing was conducted by video

to allow Griffin to amend his complaint since he fails to state a constitutional claim. *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

## IV.   Conclusion

For the reasons set forth above, the motion to dismiss will be granted as to Griffin's claims of retaliation against Defendants McMillan, Williams, and Kerns-Barr.  Further, the motion to dismiss as to Defendant Behney will be granted as to Griffin's claims of retaliation related to the cell move and the issuance of a misconduct report.  Defendants will be directed to answer the complaint's retaliation claim against Defendant Behney relating to her allegedly retaliatory actions taken in response to Griffin's filing of grievances against her.[3]

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 10, 2011.

---

and that he was ordered to leave the room for a period of time.  Neither of these challenges implicates the procedural protections set forth in *Wolff*.

[3]  The court reminds the parties that any claims of retaliation against Defendant Behney that are based on the cell move or subsequent misconduct report will be dismissed, as set forth herein.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN EDWARD GRIFFIN,** | : | **CIVIL NO. 1:CV-10-02472** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WILLIAMS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion to dismiss (Doc. 25) is **GRANTED** in part and **DENIED** in part as follows:

1) The motion to dismiss (Doc. 25) is **GRANTED** as to Defendants McMillan, Williams, and Kerns-Barr.

2) Defendants McMillan, Williams, and Kerns-Barr are **DISMISSED** as parties in this action.

3) The motion to dismiss (Doc. 25) is **GRANTED** as to Defendant Behney for Plaintiff's claims of retaliation related to the August 24, 2010 cell move and subsequent misconduct report.

4) The motion to dismiss (Doc. 25) is **DENIED** as to Defendant Behney for

Plaintiff's remaining claims of retaliation addressed in the accompanying

memorandum.

5)  Defendant Behney is directed to file an answer to the complaint within thirty

(30) days of the date of this order.

                                            __s/Sylvia H. Rambo_____
                                            United States District Judge

Dated:  August 10, 2011.