IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN EDWARD GRIFFIN,** | : | **CIVIL NO. 1:CV-10-02472** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **THOMAS WILLIAMS, et al.,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is a motion for summary judgment filed by Defendant T. Behney, (Doc. 40), seeking judgment in her favor for the claims against her alleged in a complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Brian Edward Griffin ("Griffin"), an inmate incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 1.) Griffin has alleged that Defendant Behney retaliated against him for filing grievances by searching his cell while he was not present and, on separate occasions, denying him a shower, yard time, and a meal. For the reasons that follow, the motion for summary judgment will be granted in favor of Defendant Behney.

**I.**    **Background**

## A.     Facts

In support of her motion for summary judgment, Defendant Behney submitted a statement of material facts.  (Doc. 42.)  Because Griffin failed to file an opposing statement of material facts as required by Middle District Local Rule 56.1, the following facts submitted by Defendant Behney are deemed admitted unless the record demonstrates otherwise.[1]

In the complaint, Griffin alleges that he submitted complaints about Defendant Behney and others in order to move off his assigned cell block.  (Doc. 42 ¶ 5; Doc. 1 ¶ 7.)  At his deposition taken for this suit, Griffin testified that at some time in July 2010, he wrote a grievance about Defendant Behney's handling of a laundry issue.  (Doc. 42 ¶ 6; Doc. 43-1 at 8, Ex. A, Griffin Dep., Nov. 3, 2011.)  Griffin identified this grievance as the motivating factor that led to Defendant Behney's retaliatory actions.  (Doc. 42 ¶ 6; Doc. 43-1 at 10-11.)  According to Griffin, the laundry grievance was opened and read by Unit Manager Williams, and resolved informally by Williams without further processing.  (Doc. 42 ¶ 7; Doc. 43-1 at 10.)

On July 12, 2010, Griffin filed grievance number 326376 against Williams for reading the laundry grievance complaining about Defendant Behney.[2]  (Doc. 42 ¶ 8;

---

[1] Griffin did not submit the required counter statement of material facts, but did submit a declaration in support of his opposition to the instant motion. (Doc. 47.)  Where necessary, the court will cite to that declaration.

[2] In support of her facts relating to any relevant grievances filed, Defendant Behney has submitted the declaration of Kandis Dascani, SCI-Coal Township Superintendent's Assistant, who

2

Doc. 43-4 at 1, Ex. C-1.) In this grievance, Griffin explained that after he wrote the laundry grievance about Defendant Behney, Williams read it and told him he was going to resolve his laundry issue by sending him to pick up his t-shirts. (Doc. 42 ¶ 10; Doc. 43-4 at 1.) Griffin then stated in his grievance, "I didn't want no trouble so I took the [laundry] grievance and disposed of it." (Doc. 42 ¶ 10; Doc. 43-4 at 1.) Further, at his deposition, Griffin stated that he did not have proof that Defendant Behney knew about the laundry grievance, but presumed that Williams had informed her of it. (Doc. 42 ¶ 11; Doc. 43-1 at 11.) Defendant Behney has declared that she was not aware of the laundry grievance, nor did she know that Griffin made any complaints about her until he filed the grievance related to the denial a shower. (Doc. 42 ¶ 12; Doc. 43-8 ¶ 33, Ex. D, Behney Decl.)

Despite not having proof that Defendant Behney knew about the laundry grievance, Griffin alleges that after he filed that grievance, she performed a number of retaliatory acts of harassment. (Doc. 1 ¶ 7.) The following facts relate to those alleged acts. On July 14, 2010, Griffin filed grievance number 326489 at the institutional level, accusing Defendant Behney of denying him a shower.[3] (Doc. 42 ¶¶

---

reviewed Griffin's grievance records to determine whether Griffin ever complained in a grievance that Defendant Behney searched his cell or denied him a shower, a meal, and yard time. (Doc. 43-3 at 2-6, Dascani Decl.) Dascani maintains the inmate grievance tracking system for all grievances submitted. (Doc. 43-3 ¶ 8.)

[3] From May 6, 2010 (the date Griffin began his incarceration at SCI-Coal Township) to July 14, 2010 (the date he filed grievance number 326489 relating to the shower), Griffin did not formally file any grievances accusing Defendant Behney of any wrongdoing. (Doc. 42 ¶ 13.) In

16, 19; Doc. 43-5 at 2, Ex. C-2.) Specifically, Griffin alleged that he asked to take a shower at 10:03 a.m. after he got back from the gym, but Defendant Behney denied his request, stating that he had missed the last call for showers at that time. (Doc. 43-5 at 2.) Griffin had two other opportunities that day to shower.[4] (Doc. 42 ¶ 23.) However, instead of showering at the next appointed time of 3:00 p.m., Griffin chose to wash in his cell instead. (*Id.*; Doc. 43-1 at 19-20.)

Griffin's grievance was denied at the initial review level on July 21, 2010. (Doc. 42 ¶ 20; Doc. 43-5 at 3.) He filed an appeal to the Superintendent on July 22, 2010. (Doc. 42 ¶ 20; Doc. 43-5 at 4-5.) The Superintendent denied his appeal on July 26, 2010. (Doc. 42 ¶ 20; Doc. 43-5 at 6.) Griffin has not appealed the Superintendent's denial of his appeal to Secretary's Office of Inmate Grievances and Appeals, the final level of review. (Doc. 42 ¶ 21.) At his deposition, Griffin conceded that he did not complete the appeal process with respect to this grievance,

---

fact, the only grievance Griffin filed during that time period was grievance number 326376, discussed *supra*. (*Id.* ¶ 14.)

[4] Defendant Behney declares that, generally, inmates at SCI-Coal Township are given the opportunity to shower from 10:00-10:45 a.m., 3:00-3:45 p.m., and 6:00-6:45 p.m. (Doc. 43-8 ¶ 4.) Further, the shower procedure at SCI-Coal Township is as follows: on Griffin's cell block Defendant Behney is required to provide up to 135 inmates an opportunity to shower within the 45 minutes periods described above. (Doc. 42 ¶ 24.) To promote order and efficiency, Defendant Behney calls the inmates housed on the lower tier of the cell block for a shower at a different time than when she calls inmates housed on the upper tier. (*Id.* ¶ 25.) When inmates on a particular tier are called for a shower, they are required to press a call button in their cell which would alert Defendant Behney that they wanted a shower. (*Id.* ¶ 26.) On the morning of July 14, 2010, Griffin was housed on the lower tier. (*Id.* ¶ 27.)

stating that an appeal was "useless" and the only way to get relief was from a court. (*Id*. ¶ 22; Doc. 43-1 at 17-18.)

On July 16, 2010, Griffin filed grievance number 326677, again accusing Defendant Behney of denying him a shower on July 14, 2010. (Doc. 42 ¶ 16; Doc. 43-6 at 1.) The facility grievance coordinator rejected this grievance on July 19, 2010, as duplicative of grievance number 326489 filed on July 14, 2010. (Doc. 42 ¶ 17; Doc. 43-6 at 2.) Griffin did not appeal this rejection. (Doc. 42 ¶ 18.)

With respect to his allegations relating to a cell search, Griffin alleges that on December 19 and 20, 2010, Defendant Behney entered and searched his cell while he was not present. (Doc. 42 ¶¶ 31, 34; Doc. 1 ¶ 7; Doc. 43-1 at 22.) Griffin did not witness Defendant Behney enter the cell and did not know what she did in the cell, but a nearby fellow inmate has declared that he heard Griffin's cell door shut and heard Defendant Behney say that Griffin's cell smelled like a trailer. (Doc. 42 ¶¶ 35, 36; Doc. 47 at 3, Devenshire Decl.) However, Griffin stated that he knew someone was in his cell when he noticed that the sticks he made out of toilet paper were "messed up." (Doc. 42 ¶ 37; Doc. 43-1 at 23.) Other than this disturbance, there was nothing indicating anyone had been in his cell and nothing was missing. (Doc. 42 ¶¶ 38-39.) Griffin did not file a grievance about this alleged incident, and in fact, has never filed a grievance alleging Defendant Behney searched his cell at any time. (Doc. 42 ¶¶ 32, 40, 41; Doc. 43-1 at 25.)

5

With respect to his allegations relating to the denial of yard time, Griffin alleges that sometime during the summer of 2010, Defendant Behney ignored his requests for yard time on several occasions. (Doc. 42 ¶ 44; Doc. 1 ¶ 7.) According to Griffin, inmates do not sign up for yard; rather, officers come to the cells to ask which inmates are going to yard and then write down the names so they know who is leaving for yard. (Doc. 42 ¶ 46; Doc. 43-1 at 20.) To the contrary, according to Defendant Behney, the process of releasing inmates from their cells to go to yard requires the inmate to first press a call button indicating that he wishes to go to yard, followed by Defendant Behney pressing a general access button which opens the cell doors of all the inmates who pressed their call buttons. (Doc. 42 ¶ 51.) At his deposition, Griffin stated that he chose not to attempt to get Defendant Behney's attention to tell her he wanted to go to yard. (Doc. 42 ¶ 47; Doc. 43-1 at 21.) In fact, of Defendant Behney's ignoring his requests for yard time Griffin stated, "I ain't even worry about it because most of the time I didn't even go out in the afternoon [Defendant Behney's shift] anyway. I went out in the morning - - - and this was in the summer time - - - and at night. So it wasn't really like she was hurting me when she was doing that." (Doc. 43-1 at 21; *see also* Doc. 42 ¶¶ 48-50.) Griffin never filed a grievance about not being able to go to yard. (Doc. 42 ¶ 45; Doc. 43-1 at 21.)

Finally, with respect to his allegations relating to the denial of a meal, Griffin alleges that Defendant Behney refused to allow him out of his cell for breakfast on

6

August 24, 2010, after he had told her to "stop harassing me" in response to an August 23, 2010 order to move to another cell.[5]  (Doc. 42 ¶ 53; Doc. 1 ¶ 7.)  According to Defendant Behney, general population inmates like Griffin are released for breakfast after they press the call button indicating they want breakfast and Defendant Behney presses the general access button opening the cell doors of all inmates who pressed their call buttons.  (Doc. 42 ¶ 55.)  Griffin never filed a grievance accusing Defendant Behney of denying him a meal on August 24, 2010, or denying him a meal at any other time.  (Doc. 42 ¶ 54.)

### B. Procedural History

Griffin initiated this civil rights action on December 2, 2010, with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  The originally-named Defendants were Robert McMillan, a Deputy Superintendent at SCI-Coal Township; Thomas Williams, a Unit Manager at SCI-Coal Township; Correctional Officer T. Behney; and Hearing Examiner L.S. Kerns-Barr.  In the complaint, Griffin alleged Defendants Williams and Behney retaliated against him for filing past grievances when they ordered him to move to another cell on the cell block rather than transfer him to separate cell block as he had requested.  He also alleged that Defendant

---

[5] In her statement of material facts, Defendant Behney lists these two dates as August 25 and 24, 2010, respectively.  (*See* Doc. 42 ¶¶ 53, 54.)  However, from reading the complaint, it appears that the dates are August 24 and 23, 2010.  (*See* Doc. 1 ¶ 7.)

McMillan ignored his complaints about Defendants Williams and Behney before and after he refused to leave his cell and subsequently was issued a misconduct. He also alleged that Defendant Kerns-Barr violated his constitutional rights in the context of a disciplinary proceeding related to the cell move. Finally, Griffin made allegations that Defendant Behney retaliated against him for filing grievances by searching his cell while he was not present, and on separate occasions, denying him a shower, yard time, and a meal.

On February 9, 2011, Defendants moved to dismiss the complaint. (Doc. 25.) On August 10, 2011, the court granted in part and denied in part the motion to dismiss. (Doc. 34.) Specifically, all claims against Defendants McMillan, Williams, and Kerns-Barr were dismissed and these Defendants were terminated as parties in this action. (*See id*.) In addition, the claims against Defendant Behney related to the cell move and the issuance of a misconduct report were dismissed. (*See id*.) However, Griffin's claims against Defendant Behney related to the cell search and denial of a shower, yard time, and a meal were permitted to proceed. (*See id*.)

Resultantly, Defendant Behney filed an answer to the complaint. (Doc. 35.) After a case management order was issued, (Doc. 36), Defendant Behney filed the

8

instant motion for summary judgment on December 9, 2011, (Doc. 40). Responsive briefing has also been filed and the motion is ripe for disposition. (Doc. 46.)

## II.   Standard of Review

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[6]; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id*. When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party," and draw all reasonable inferences in favor

---

[6] *See* Fed. R. Civ. P. 56, Advisory Comm. Note (2010 Amendments) (The frequently cited standard for summary judgment is now set forth in Rule 56(a) rather than Rule 56(c)(2010). The Advisory Committee explains that despite the language change, "[t]he standard for granting summary judgment remains unchanged" and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases.").

of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005), *cert. denied*, 546 U.S. 1094 (2006).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the

court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III. Discussion

In her motion for summary judgment, Defendant Behney contends that summary judgment should be granted in her favor because: (1) Griffin failed to exhaust his administrative remedies with respect to his remaining claims, and (2) Griffin has failed to establish the elements of a retaliation claim. Upon consideration of these grounds for dismissal, the court will grant the motion for summary judgment on the basis that Griffin has failed to exhaust his administrative remedies as to the remaining claims.[7]

Prior to initiating a § 1983 suit, a prisoner-plaintiff must properly exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The PLRA requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

---

[7] Because exhaustion of administrative remedies is a threshold issue, there is no need to address Defendant Behney's alternative argument.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitation on the kind of relief that may be gained through a grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under the PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition

12

to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). Additionally, "it is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71.

Further, the United States Court of Appeals for the Third Circuit has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (not precedential). In citing to a case from the United States Court

of Appeals for the Eighth Circuit, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Oriakhi*, 165 F. App'x at 993 (quoting *Johnson*, 340 F.3d at 627-28).

The Pennsylvania Department of Corrections ("DOC") has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and can finally appeal to the Secretary of the DOC Office of Inmate Grievances and Appeals, located in Camp Hill, Pennsylvania. *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

In the instant case, Defendant Behney's unopposed materials, as well as the deposition testimony of Griffin himself, establishes that Griffin failed to exhaust his

14

administrative remedies prior to initiating the instant action. First, as to the denial of a shower, the record shows that Griffin did not appeal his grievance to the Secretary of the DOC Office of Inmate Grievances and Appeals, the final step in the inmate grievance procedure. In fact, at his deposition, Griffin stated that he intentionally did not appeal because an appeal was "useless" and the only way to get relief was from a court. (Doc. 42 ¶ 22; Doc. 43-1 at 17-18.) Griffin's assertion here certainly does not excuse exhaustion. Further, in support of his opposition to the instant motion, Griffin submits nothing to support a finding of exhaustion as to this claim. Accordingly, the court finds that Griffin failed to go through all levels of appeal as required by the prison grievance procedure with respect to his claim of denial of a shower.

      Further, as to the other claims relating to the cell search and denial of yard time and a meal, Griffin has not submitted any evidence that he timely filed administrative remedy requests pertaining to any of these claims. Defendant Behney filed a declaration of Kandis Dascani, SCI-Coal Township Superintendent's Assistant who maintains the inmate grievance tracking system for all grievances submitted, indicating that they received no complaints or grievances from Griffin regarding these claims. (Doc. 43-3 ¶¶ 26, 27, 29.) This declaration is unopposed by any evidence presented by Griffin, and, in fact, in his own deposition, Griffin explained that he did

15

not file grievances related to the claims regarding the cell search and denial of yard time. (Doc. 43-1 at 21, 25.) Accordingly, the court finds that Griffin failed to exhaust his administrative remedies with respect to these claims.

Moreover, according to *Spruill*, in which the Third Circuit Court stated that the court should address the procedural default aspect to the exhaustion issue, Griffin has procedurally defaulted his claims. *See Spruill*, 372 F.3d at 232 ("a court reviewing a prisoner's § 1983 claim for compliance with § 1997e(a) will have, at best, a ruling from a prison grievance appellate body on whether the prisoner complied with the prison grievance system's procedural rules"). Here, Griffin did not appeal the denial of his grievance relating to the denial of a shower, nor did he file grievances with respect to his claims of a cell search and denial of yard time and a meal. The time for making such filings has expired. Thus, procedural default bars Griffin from bringing these claims in federal court, and the court need not proceed to the merits of his claims. *See id*. at 227-32.

## IV. <u>Conclusion</u>

Based on the foregoing, the motion for summary judgment will be granted in favor of Defendant Behney. An appropriate order will issue.

Dated: July 20, 2012                                              S/Sylvia H. Rambo
                                                                  United States District Judge

16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN EDWARD GRIFFIN,** | : | **CIVIL NO. 1:CV-10-02472** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **THOMAS WILLIAMS,** *et al.*, | : | |
| **Defendants** | : | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion for summary judgment (Doc. 40) is **GRANTED** in favor of Defendant Behney.

2) The Clerk of Court is directed to **ENTER** judgment in favor of Defendant Behney and against Plaintiff.

3) The Clerk of Court is further directed to **CLOSE** this case.

                                                        s/Sylvia H. Rambo
                                                  United States District Judge

Dated: July 20, 2012.